UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST INVESTMENT SERVICES, INC.,

    Plaintiff,

v.                                               CASE NO: 8:08-cv-852-T-26TGW

WACHOVIA SECURITIES, LLC,

    Defendant.
                                    /

**O R D E R**

Before the Court are Plaintiff's motion to extend the Court's temporary restraining order for good cause,[1] Defendant's response to that motion,[2] and Defendant's motions to vacate and/or modify the temporary restraining order and supporting exhibits and affidavits.[3] After careful review of the parties' submissions, the Court concludes that Plaintiff's motion is due to be granted and Defendant's motions are due to be denied.[4]

On May 6, 2008, this Court entered a temporary restraining order (TRO) against Defendant which became effective at 2:00 p.m. on that day and is scheduled to expire at 2:00

---

[1] See docket 32.

[2] See docket 34.

[3] See dockets 35, 36, 38, 39, and 40.

[4] Given this conclusion, the Court needs no response from Plaintiff with regard to Defendant's motions.

p.m. on May 16, 2008.[5] The parties, consistent with their agreement to arbitrate the disputes at issue in this case, are scheduled to participate in an arbitration proceeding on May 21, 2008, commencing at 9:30 a.m., in which Plaintiff will be seeking permanent injunctive relief against Defendant.[6] Plaintiff contends that to allow the TRO to expire before the arbitration proceedings "would provide Defendant with an unwarranted window of opportunity to re-engage in the very misconduct which this Court's Order was intended to preclude and, consequently, the status quo would no longer be preserved."

In support of this argument, Plaintiff points to the fact that on the very day the Court entered the TRO (although a few hours before), Defendant hired one of Plaintiff's former employees who allegedly engaged in the type of conduct the TRO was designed to prevent. Defendant counters by providing affidavits seeking to establish that the acts of Plaintiff's former employee were not undertaken at its direction but rather were the unilateral acts of this individual. Defendant also launches an extensive and multi-pronged attack on Plaintiff's tactics in obtaining the TRO and why it should be vacated or, at the very least, modified. Finally, Plaintiff contends that because the continuance of injunctive relief against Defendant will ultimately be decided within a matter of days at the arbitration proceeding, a brief extension of the TRO will not prejudice Defendant, especially in light of the amount of the bond it was required to post under the terms of the TRO.

---

    [5] See docket 19.

    [6] The Court's authority to enter the TRO was derived from Rule 13804 of the FINRA Code of Arbitration which afforded Plaintiff the right to seek injunctive relief from this Court pending an expedited arbitration hearing on Plaintiff's entitlement to permanent injunctive relief. See American Express Fin. Advisors v. Makarewicz, 122 F.3d 936 (11th Cir. 1997).

The Court finds that Plaintiff's arguments carry the day. In the Court's view, it makes little sense from the perspective of preserving client and judicial resources to continue to litigate this highly contentious matter before this Court when, in the course of less than six days, the key issue of whether Plaintiff is entitled to permanent injunctive relief will be decided by a panel of arbitrators in accord with the parties' agreement to arbitrate that issue. As Plaintiff persuasively contends, any hearings in this case "at this juncture would be a waste of resources inasmuch as the parties would be engaging in duplicative, back-to-back evidentiary hearings, both of which would necessarily require the attendance of numerous witnesses and potentially lengthy examinations, arguments and proofs." Furthermore, the Court is confident that Defendant will be able to advance at the arbitration proceeding the same arguments it has presented to this Court in support of its legal and equitable positions as to why it should not be the subject of injunctive relief in favor of Plaintiff. Consequently, the Court finds good cause to extend the TRO for a period of ten (10) days pursuant to Rule 65(b)(2), Federal Rules of Civil Procedure.

Accordingly, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Extend Temporary Restraining Order for Good Cause (Dkt. 32) is granted.

2) The terms and provisions of the TRO entered May 6, 2008, is extended until 2 p.m., Monday, May 26, 2008.

3) Defendant's Motions to Vacate and/or Modify the Temporary Restraining Order (Dkts. 35 and 36) are denied.

4) The parties shall report to the Court the outcome of the arbitration proceedings within five (5) days of the conclusion of those proceedings and advise whether further proceedings are required in this case.

5) The Clerk is directed to administratively close this case pending the outcome of the arbitration proceedings.

**DONE AND ORDERED** at Tampa, Florida, on May 15, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record